UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CIVIL DIVISION

CASE NO:

CHANDLY PIERRE,

      Plaintiff,

v.

ERZA D. WASHINGTON a resident of
the State of Florida.

      Defendant.
_____/

**COMPLAINT FOR DAMAGES**

The Plaintiff, CHANDLY PIERRE ("Chandly"), sues officer ERZA D. WASHINGTON ("Officer Washington" or "Defendant"), and alleges:

**THE PARTIES, JURISDICTION, AND VENUE**

At all times material to this action:

1. Chandly was during the matters alleged in the complaint and still is a resident of Miami-Dade County, Florida.

2. Defendant, Erza D. Washington, was a sworn police officer employed by the City of Miami Police Department, was acting within the scope of his employment, and was a resident of the State of Florida.

3. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

4. Venue is proper because the events which gave rise to this claim all occurred within Miami-Dade County, Florida.

## THE FACTS GIVING RISE TO THE CLAIM

5. On November 17, 2012, Chandly was driving a 2005 Mercedes CL600 and his friend Julius Quinn ("Julius") was riding in the front passenger seat.

6. The vehicle was traveling northbound on NW 6th Avenue and stopped at a STOP sign located at the intersection of NW 29th Street in the City of Miami, FL.

7. There were several City of Miami police vehicles stopped in the intersection with their emergency lights flashing blocking the intersection. Within moments, approximately six marked police vehicles and 10 officers were on the scene.

8. Chandly immediately lowered all four windows, and both he and Julius stuck their hands out of the windows to inform and show the officers that they were unarmed.

9. Both Chandly and Julius were aware of the recent killings of several unarmed Black men by City of Miami police officers and were concerned about their safety and welfare at the hands of these officers.

10. Despite the fact that their windows were down and their hands exposed on the window ledge, the officers approached Chandly's vehicle with their guns drawn, with a number of them simultaneously screaming and gesturing in a threatening fashion at both.

11. Both Chandly and Julius kept both hands on the respective window ledges of the car in plain view as the officers approached.

12. The officers shouted several unintelligible commands to both Chandly and Julius and generally acted in a disorganized and unruly fashion.

13. Officer Washington approached the driver's door and ordered Chandly out of the vehicle.

14. Chandly promptly exited the vehicle with his hands above his head, obeyed all of Officer Washington's commands, and did not resist in any fashion.

15. One or more officers immediately clasped Chandly's arms behind his back and handcuffed him.

16. Once handcuffed and without any further command or provocation, Officer Washington slammed Chandly to the ground and smashed his face into the asphalt, which caused facial abrasions, cuts to his mouth, and injuries to his gums and teeth.

17. Chandly was placed in the back seat of a police cruiser and transported to the police station and then to jail.

## COUNT I: FOURTH AMENDMENT EXCESSIVE FORCE – OFFICER EZRA D. WASHINGTON

18. Chandly re-alleges the allegations contained in paragraphs 1-17 of this Complaint.

19. This action is brought by Chandly Pierre pursuant to title 42, section 1983, United States Code, for the deprivation of his Civil Rights caused by City of Miami Police Officer Ezra D. Washington.

20. Officer Washington violated Chandly's clearly established Fourth Amendment right to be free from excessive force by using force against him that was unwarranted and unreasonable under the circumstances.

21. During this entire ordeal, Chandly did not resist any of the officers and fully complied with their commands.

22. Chandly did not make any threatening movements or attempt to flee from the officers.

23. Officer Washington's actions were excessive, unreasonable, and unwarranted under the circumstances and caused Chandly to sustain extensive damages, humiliation, and embarrassment.  He has lost the capacity to enjoy life, he has been permanently scarred and severely injured, and he has sustained other compensable injuries and other significant damage and injury, including psychological injury.

24. Officer Washington was acting under color of state law as a police officer and intentionally committed such acts.

25. Accordingly, the Officer Washington is liable to CHANDLY for his damages.

WHEREFORE, Plaintiff, CHANDLY PIERRE, demands judgment for his economic and noneconomic damages, attorney's fees, the costs of prosecuting this action, and any other relief this Court deems proper and just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial of all issues so triable as of right by a jury.

**DATED:** April 7, 2017.

                                                Joseph P. Klock, Jr., Esq., FBN 156678
                                                RASCO KLOCK PEREZ NIETO
                                                2555 Ponce de Leon Blvd., Suite 600
                                                Coral Gables, Florida 33134
                                                Telephone: 305.476.7100
                                                Facsimile: 305.675.7707
                                                jklock@rascoklock.com
                                                *Counsel for the Plaintiff, Chandly Pierre*


                                                By: /s/ Joseph P. Klock, Jr.
                                                     Joseph P. Klock Jr.